IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>      vs.<br><br>COLTER KEFFER,<br><br>                    Defendant. | 8:17CR336<br><br>GOVERNMENT'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |

The United States of America respectfully submits this response in opposition to Defendant Colter Keffer's Motion for Compassionate Release. (Filing No. 195). He seeks an order from this Court releasing him from prison pursuant to 18 U.S.C. § 3582(c)(1)(A). Keffer has provided no medical records showing his health conditions make him more susceptible to COVID-19. Moreover, the risk that COVID-19 presents to Keffer has been greatly reduced since he contracted COVID and recovered from the disease. The United States respectfully requests that Keffer's motion be denied.

**Procedural Background**

Keffer was charged with conspiracy to distribute and possess with intent to distribute carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Filing Nos. 1, 92). He pled guilty to Count II of the superseding indictment on December 7, 2018, charging him with § 846. (Filing No. 168). Keffer was sentenced on April 12, 2019 (Filing No. 186), and is currently serving a 90-month sentence for conspiracy to distribute methamphetamine. Keffer is currently housed at Leavenworth USP and is set to be released April 7, 2024.

Keffer filed his Motion for Compassionate Release April 5, 2021. (Filing No. 195). In his motion, he expresses that he has "contracted the deadly virus and the situation has changed from

a concerning risk into a life-threatening emergency." (Id. at p. 2). He asserts his "heightened risks" required him to have access to advanced medical care which is something "that USP Leavenworth will not and cannot provide."  Keffer claims he has "serious difficulty breathing; severe headaches; pain in his kidneys; shortness of breath, and had never felt sicker in his life." (Id. at p. 2). He also claims that he is receiving limited medical care. (Id.).

At this Court's request, the Probation and Pretrial Services Office prepared a Compassionate Release Investigation ("Investigation"). Keffer is currently 37 years old with "no documented serious health issues." (Id., p. 4). At the time of Keffer's presentence interview in 2019, he stated he was in good physical condition. (Investigation, p. 2). The Probation and Pretrial Services Office reviewed the Bureau of Prisons Health Services medical records ("BOP medical records") and noted Keffer's listed ailments "do not include any underlying conditions that may be concerning should he be re-infected with Covid-19. He previously had tested positive (September, 2020) for the virus but was considered "asymptomatic" and was cleared after a period of quarantine and re-testing." (Id. at pp. 2-3). The Investigation also notes that none of the medical conditions Keffer claims to be suffering from in his Request for Compassionate Release are included in his BOP medical records. (Id. at p. 3). The Investigation recommended Keffer's motion be denied. (Id. at p. 4).

**Argument**

A.    **Governing Law**

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 825 (2010). As the Supreme Court has recognized, finality is an important attribute of criminal judgments, and one "essential to the operation of our

2

criminal justice system." <u>Teague v. Lane</u>, 489 U.S. 288, 309 (1989) (plurality opinion). Accordingly, it is well established that once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only pursuant to statutory authorization. <u>See</u>, <u>e.g.</u>, <u>United States v. Addonizio</u>, 442 U.S. 178, 189 & n.16 (1979); <u>United States v. Washington</u>, 549 F.3d 905, 917 (3d Cir. 2008); <u>United States v. Smartt</u>, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (internal quotation marks omitted).

Title 18, United States Code, Section 3582(c)(1)(A), as modified by the First Step Act, allows the Director of the BOP or an inmate to move the court for the reduction of an inmate's prison sentence. A sentence reduction pursuant § 3582(c)(1)(A) is also referred to as "compassionate release." See Pub. L. No. 115-391, § 603(b). Section 3582(c)(1)(A) provides in pertinent part:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> > **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> >
> > > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> > >
> > > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c),

3

for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). According to the statute, an inmate may petition the court for a reduction of sentence under § 3582(c)(1)(A) only after certain procedural requirements are met. Specifically, when all administrative remedies have been exhausted or after a lapse of 30 days from requesting such relief from the warden of the BOP facility in which the defendant is held. This Court has determined Keffer met this requirement. (Filing No. 198).

Pursuant to § 3582(c)(1)(A), the Court has the authority to entertain Keffer's motion to reduce his term of imprisonment after considering the § 3553(a) factors if "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i). Congress delegated to the Sentencing Commission the task of defining such reasons. *See* 28 U.S.C. § 994(t); *see also* U.S.S.G. §1B1.13, comment (n.1). Under the Guidelines, "extraordinary and compelling reasons" exist under the following circumstances:

(A)     <u>**MEDICAL CONDITION OF THE DEFENDANT.--**</u>

(i)  The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)  The defendant is--

(I)     suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

4

(III)   experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)      **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)      **Family Circumstances.—**

(i)   the death or incapacitation of the caregiver of the defendant's minor child or minor children.
(ii) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)      **Other Reasons.—**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)

U.S.S.G. §1B1.13, comment (n.1). Although this Court has concluded this policy statement is not currently binding, see United States v. Jenkins, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020). The Court still found it instructive in evaluating the defendant's motion. Id.

5

**COVID-19 and Compassionate Release**

The CDC's list of risk factors was most recently updated on March 29, 2021. <u>See</u>
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-
conditions.html. It reports a list of conditions that "can make you more likely to get severely ill
from COVID-19." An inmate who has not been offered a vaccine, who presents a condition on
that list, presents an "extraordinary and compelling reason" allowing consideration of
compassionate release.

As of July 15, 2021, Leavenworth USP has had 787 inmates recover from COVID-19.
There is currently one inmate who has tested positive for Covid-19.
https://www.bop.gov/coronavirus/index.jsp  Of the 1,672 inmates currently housed at
Leavenworth USP https://www.bop.gov/locations/institutions/lvn/, 1,109 inmates have been
fully vaccinated as of July 15, 2021. https://www.bop.gov/coronavirus/. Keffer was offered a
vaccination, but declined it.

**B.     Keffer has failed to show an extraordinary and compelling reason warranting
compassionate release.**

Keffer carries the "burden to show he is entitled to a sentence reduction." <u>United States v.
Estabrook</u>, No. 10-cr-109, 2020 WL 2544422, at *4 (D.N.D. May 19, 2020) (citing <u>United States
v. Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016) (finding burden is on the defendant to establish that a
sentence reduction is warranted under 18 U.S.C § 3553(c)(2)). He has failed to do so.

The BOP medical records show that after Keffer had potential exposure to Covid-19, he
saw Health Services in September 2020. (BOP medical records, pp. 65). He was placed in
quarantine at that time. (<u>Id.</u>). Keffer tested positive for Novel Coronavirus on September 14,
2020. (<u>Id.</u> at pp. 63, 81, 110). On September 24, 2020, Keffer was again seen by Health Services.
At that time, he denied any COVID related symptoms. The exam showed he was alert and

oriented and that his lungs sound clear bilaterally. There was adequate respiratory effort and supplemental oxygen was not required. (BOP medical records, p. 61). On September 27, 2020, Keffer was again screened for COVID-19 symptoms. He "deni[ed] cough, SOB, muscle pain, fatigue, sore throat, HA, N/V/D, congestion, new loss of taste and smell, and/or chills." (Id. at p. 70). There was no acute distress noted during the encounter. On October 28, 2020, Keffer was offered the COVID vaccine and declined to get it. (Id. at p. 91).

Keffer argues in his motion, dated March of 2021, that he has contracted the deadly virus and the situation has changed from a concerning risk into a life-threatening emergency. He states he has never felt sicker in his life and his symptoms include serious difficulty breathing, severe headaches, pain in his kidneys and shortness of breath. There is nothing in his medical records between his recovery from Covid-19 in September 2020 and his Motion for Compassionate release in March of 2021, where Keffer was seen by Health Services and complained of the ailments listed in his Motion.

Indeed, the BOP medical records show that shortly after submitting his Motion for Compassionate release expressing his extreme illness, Keffer was seen for a "Sick Call" on April 5, 2021, complaining of muscle/joint ache. (BOP medical records, pp. 100-01, 109). He advised the health professionals that he has had chronic neck pain for more than two years, and he felt it was getting worse. (Id.). The exam record indicates he appeared well, alert and oriented. (Id.). Observation/inspection of his pulmonary was "within normal limits." (Id.). Inhouse physical therapy evaluation was requested by the Health Unit for chronic neck pain. There is no record of, Keffer complaining to Health Services about having problems breathing or a shortness of breath, headaches, or pain in his kidneys during this Sick Call. See, United States v. Seeman, No. 18-CR-101-CJW-MAR, 2020 WL 4193272, at *5 (N.D. Iowa July 21, 2020) (concluding

that defendant's medical conditions did not amount to an extraordinary and compelling reason when the record showed he had experienced mild symptoms when infected with COVID-19, there was no indication his health was failing in any way, and there was "little reason to believe his illness would be significantly greater than it was the first time" if he were reinfected), United States v. Robinson, No. 17-CR-318, 2020 WL 4463363 at *5 (D. Minn. Aug. 4, 2020) (denying compassionate release where medical record did not support claims of asthma); United States v. Miland, No. 16-CR-0159, 2020 WL 3249259, at *4 (D. Minn. June 16, 2020) (denying compassionate release where inmate provided no medical documentation). Additionally, several courts have held that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). Miland, at *3 (collecting cases).

In the instant case, Keffer is not eligible for compassionate release because he has not established he suffers from any condition that is on the CDC's list of risk factors, or any chronic medical ailment. He had COVID-19 in September 2020, his symptoms were asymptomatic, and he recovered without complications. Moreover, he was offered the vaccination in October, 2020, and declined it. See, United States v. Jackson, No. 15-CR-260, 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021) ("While [the defendant] is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.").

**Conclusion**

For all the reasons stated above, the United States agrees with the United States Probation

Office that Colton Keffer's motion for compassionate release should be denied.

DATED this 19th day of July, 2021.

UNITED STATES OF AMERICA, Plaintiff

JAN W. SHARP
Acting United States Attorney
District of Nebraska


By:   s/ Kimberly C. Bunjer
      KIMBERLY C. BUNJER, #20962
      Assistant U.S. Attorney
      1620 Dodge Street, Suite 1400
      Omaha, NE  68102-1506
      Tel:  (402) 661-3700
      Fax:  (402) 345-5724
      E-mail:  kim.bunjer@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 19, 2021, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which sent notification of such filing to all registered

participants.


s/ Kimberly C. Bunjer
KIMBERLY C. BUNJER
Assistant U.S. Attorney
